## SUPREME COURT.

THE PEOPLE *ex rel.* BALDWIN & JAYCOX agt. ROBERT T. HAWS, comptroller, &c.

The *comptroller* of the city of New York cannot be compelled by *mandamus* to draw his warrant in favor of a claimant and pay him his claim (although liquidated) where the comptroller shows by his affidavit that no money has been raised or appropriation made by law for the payment of such claim.

*New York, Special Term, January,* 1862.

MOTION for mandamus to compel the comptroller to draw his warrant in favor of the relators and pay them $61,821, with interest and costs, being the amount awarded to the relators by arbitrators appointed under the act of 1860, relating to the Croton aqueduct.

DANIEL S. DICKINSON, *attorney general*, and LUTHER R. MARSH, *for the relators.*

HENRY H. ANDERSON, *for the comptroller.*

People *ex rel.* Baldwin agt. Haws.

LEONARD, Justice. Without referring to the constitutional validity of the law of 1860, under which the relators apply, or to any of the objections raised by the defendant as to the manner in which it was executed, or to the merits of the relators' demand, it appears to me a sufficient answer to this application, that the relators have not made it appear that there has been raised any sum of money, by tax or otherwise, with which the comptroller can pay the said sum.

On the contrary, the comptroller states by affidavit that nothing has been raised for the payment of this demand, and no appropriation therefor has been made, and he has no money, as such officer, out of which he can pay the said sum.

The money against which the comptroller is authorized or permitted to draw his warrants, now in the city treasury, has been raised by taxation under specific appropriations for certain defined purposes.

It is especially provided by chap. 93, Sess. L. 1861, § 5, that none of the money appropriated for specified objects shall be applied to any other.

The comptroller has no money which he can apply to the demand of the relators, without violating this law.

The money should be appropriated and raised by law, for the payment of the relators, if the legislature deem it proper to require the comptroller to pay them. When the law has required the people to raise the money, and the tax has been levied, then the comptroller will owe to the relators a direct duty to draw his warrant and pay them.

I think there must be further legislation before the peremptory writ of mandamus can be issued, or the relators must proceed by action to obtain and enforce the collection of their demand by judgment at law.

The motion is denied, with $10 costs of opposing.